# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

INJURED WORKERS' PHARMACY, )
LLC, )
 )
      Plaintiff, )
 )
v. ) NO. CIV-15-0031-HE
 )
COMPSOURCE MUTUAL INSURANCE )
COMPANY, )
 )
      Defendant. )

## ORDER

Plaintiff Injured Workers' Pharmacy is a non-resident pharmacy which provides pharmaceutical products to workers who receive benefits through the Oklahoma workers' compensation system. Defendant Compsource Mutual Insurance Co. is an insurance company which provides workers' compensation insurance to Oklahoma employers. Plaintiff filed this case seeking a declaration of its status under Oklahoma's workers' compensation scheme. Specifically, it seeks a determination that, in seeking reimbursement for pharmaceutical products it provides to injured claimants, it is a "pharmacy" rather than a "medical provider" as those terms are used in the Oklahoma statutes and in related administrative guidance.[1] The distinction matters because the applicable reimbursement rates and/or caps are different for pharmacies than for medical providers. *Compare e.g.,* 85A OKLA. STAT. § 50(H)(8) (pharmacies) *to* 85A OKLA. STAT. § 50(H)(9) (medical providers).

Defendant has moved to dismiss the case based on lack of jurisdiction. Motions to

---

[1]*The complaint references the "Pharmaceutical Services Ground Rules" established by the Oklahoma Workers' Compensation Court.*

dismiss under Rule 12(b)(1), directed to subject matter jurisdiction, ordinarily take one of two forms. They challenge either the facial sufficiency of the complaint to show jurisdiction or the factual basis for it. *See* Holt v. U.S., 46 F.3d 1000, 1002 (10th Cir. 1995). Where the challenge is to facial sufficiency, the court accepts the factual allegations as true. Smith v. United States, 561 F.3d 1090, 1097 (10th Cir. 2009). Where the challenge is to the factual basis for jurisdiction, a court may consider affidavits and other documents, and may conduct a limited evidentiary hearing if appropriate. Holt, 46 F.3d at 1003. Defendant's challenge here involves elements of both, though it relies principally on the facial sufficiency of the complaint. To the extent defendant's motion relies on facts outside the complaint, those facts do not appear to be substantially disputed.

Plaintiff argues that jurisdiction is proper in this case based on diversity and 28 U.S.C. § 1332(a). Defendant does not appear to dispute the underlying jurisdictional facts relating to domicile and amount in controversy, but argues the court nonetheless lacks subject matter jurisdiction due to the exclusive remedy provisions of Oklahoma law. It relies principally on 85A OKLA. STAT. § 50(H)(4), which provides:

> 4. The right to recover charges for every type of medical care for injuries arising out of and in the course of covered employment as defined in this act shall lie solely with the Commission. When a medical care provider has brought a claim to the Commission to obtain payment for services, a party who prevails in full on the claim shall be entitled to reasonable attorneys fees.

Based on this statute,[2] defendant argues that an Oklahoma district court could not hear the

---

[2]This statute relates to reimbursements under Oklahoma's new administrative system. *See* note 4, *infra*. A substantially similar statute applies to claims submitted under the former, court-

present dispute and therefore this court may not either. Plaintiff responds with what is no doubt true as a general principle–that a state may not limit the reach of federal jurisdiction which otherwise exists.

Although the federal cases are not of one accord on the point,[3] Tenth Circuit authority appears to support defendant's position—that "exclusive remedy" provisions of state law may be appropriately viewed as jurisdictional and the issue raised via a Rule 12(b)(1) motion. In Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221 (10th Cir. 2001), the Court noted that a federal court normally has subject matter jurisdiction when the minimal requirements of diversity are met, but essentially followed those cases which indicate a federal court will not "take" jurisdiction unless the plaintiff has asserted a claim cognizable in the state courts. *Id.* at 1225. Thus, if Oklahoma state law would put resolution of the present controversy exclusively in the Oklahoma workers' compensation system,[4] this court would not have jurisdiction.

85A Okla. Stat. § 50(H)(4), set out above, appears to make the dispute involved here

---

*based system. Compare* 85 OKLA. STAT. *§ 327(D).*

[3]*See Diversity of Citizenship Jurisdiction–Basic principles,* 13E FED. PRAC. & PROC. JURIS. *§ 3602.1 (3d ed.).*

[4]*Oklahoma has recently shifted, effective February 1, 2014, from a court-based system to an administrative system, now reflected in the Oklahoma Administrative Workers' Compensation Act. 85A Okla. Stat. § 1 et. seq. Under that Act, the former Workers' Compensation Court was supplanted by either a "Court of Existing Claims" (as to pre-Act claims) or the Oklahoma Workers' Compensation Commission (as to claims under the new system). For ease of reference, and as the substantive provisions of law do not appear to be materially different for either, this order refers to the Oklahoma workers' compensation adjudicatory/administrative mechanism as the "workers' compensation system."*

one within the exclusive jurisdiction of the Oklahoma workers' compensation system. It references recovery of charges for "every type of medical care," which appears to include pharmaceutical products.[5] Further, the import of the statute is that claims for such charges will be decided solely by the Commission, i.e. the Oklahoma workers' compensation system.[6] Plaintiff argues the exclusive remedy language should not apply here because it is not seeking to "recover charges" in this case, but is only seeking a determination of "status" — whether it is a "pharmacy" or a "medical provider." The argument is unpersuasive. It is plain that plaintiff seeks a declaration of "status" here only as part of its effort to recover charges, and that would be the obvious result of the declaration it seeks.

In any event, the court concludes, in light of Stuart and the "exclusive remedy" language of the Oklahoma statutory framework, that this court lacks jurisdiction to resolve the controversy posed by plaintiff's claim.

Even if the court's conclusion were otherwise—that it does have jurisdiction—it would nonetheless dismiss this case. What plaintiff seeks here is a declaratory judgment. The declaratory judgment statute confers discretion on the district courts as to whether it should exercise jurisdiction which otherwise exists. *See* 28 U.S.C. § 2201 (a court "may"

---

[5]*See 85A OKLA. STAT. § 50(H)(9), which states "When medical care includes prescription drugs...," suggesting that, while pharmacies are not listed among the list of providers set out elsewhere in the statute (see § 50(H)(1)), they are nonetheless considered as providing "medical care."*

[6]*The statute is somewhat poorly drawn, in that it literally says the "right to recover ... lies solely with the Commission." The right to recover, if it exists, is obviously in the party seeking reimbursement. What lies "solely with the Commission" is the right to determine the right to recover.*

declare the rights of a party). As a result, district courts have "unique and substantial discretion" in determining whether to declare the rights of litigants. Wilton v. Seven Falls Co., 515 U.S. 277, 286-7 (1995). To the same effect is Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494-5 (1942), noting that district courts are "under no compulsion" to grant declaratory relief but have discretion to do so. *See also,* U.S. v. City of Las Cruces, 289 F.3d 1170, 1179-80 (10th Cir. 2002).

Here, a number of factors counsel against this court addressing the question plaintiff poses. The question at issue is purely one of state law. While that does not necessarily make it inappropriate for federal resolution, other related factors do. The dispute arises in the context of a comprehensive system of workers' compensation. A state court or commission, particularly one with specialized expertise in the nuances of the Oklahoma system and the interrelationships of its various component parts, is better positioned to resolve the dispute than is this court. That seems particularly true given the recent modification of the Oklahoma system from a court-based system to an administrative system.

In similar circumstances, federal law recognizes the desirability of federal courts avoiding involvement in workers' compensation matters. In the context of removal jurisdiction, federal law explicitly recognizes that principle by making cases arising under the workers' compensation laws of a state non-removeable. 28 U.S.C. § 1445(c).

Further, it appears clear enough that Oklahoma law provides ample means for the parties to resolve the question expeditiously in an Oklahoma forum. Defendant argues, and

5

plaintiff does not appear to dispute, that plaintiff has raised this question in multiple "Form 19's" filed with the Workers' Compensation Court of Existing Claims and that at least some of those forms (reimbursement requests) have been the basis for litigation in that court, including formal discovery and court-ordered mediation.  Presumably, a similar procedure exists for resolution with the Commission for future claims.  Plaintiff argues that resolving this dispute through submission of Form 19's is wasteful and inefficient because it would result in "litigating this issue in the 205 separate Form 19 proceedings that have already been initiated ..." [Doc. 18 at 4].  To the extent plaintiff suggests it must engage in meaningful litigation in 205 different cases, its concerns seem considerably overblown.  It strikes the court as considerably more likely that, once an Oklahoma tribunal has decided the legal issue in one case, it will remember to apply the same rule in successive cases where the same issue is presented, without the necessity of re-litigating it.

Finally, considerations of comity and federalism counsel in favor of this court deferring to the state authorities to resolve what is, in these circumstances, a quintessentially state issue.   In sum, the court concludes it should and would decline to enter a declaratory judgment in this case, even assuming it has the jurisdiction to make such a declaration.  *See generally*, Mitcheson v. Harris, 955 F.2d 235 (4th Cir. 1992), cited with approval in Siloam Springs Hotel LLC v. Century Sur. Co., 781 F.3d 1233, 1239 (10th Cir. 2015).

For these reasons, defendant's motion to dismiss for lack of jurisdiction [Doc. #10] is **GRANTED**.  This case is **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 5th day of May, 2015.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE